**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CAROL I. WALLACE,**                                                                **PLAINTIFF**

**v.**                                                               **Civil Action No.: 2:08CV53-P-A**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Carol I. Wallace for period of disability and disability insurance benefits (DIB) under §§ 216(I) and 223 of the Social Security Act and for supplemental security income payments under § 1614(a)(3) of the Act.[1] Plaintiff applied for benefits on September 17, 2004, alleging that she became disabled on July 15, 2003, due to back problems, diabetes millitus, arthritis and a right rotator cuff injury. The plaintiff's claim was denied initially and on reconsideration. Plaintiff requested a hearing before and administrative law judge [ALJ], which was held on March 15, 2007. The ALJ issued an unfavorable decision on April 17, 2007, and plaintiff properly filed a request for review with the Appeals Council on May 10, 2007. On December 3, 2007 the Appeals Council denied plaintiff's request for review and affirmed the ALJ's decision. The plaintiff timely filed this appeal which is now ripe for review.

---

[1]The plaintiff's earnings record established that she has sufficient quarters of coverage to remain insured through December 31, 2005.

1

## FACTS

The plaintiff was born in 1942, has a twelfth grade education (Tr. 69, 240) and was sixty-one years old at the time she alleged she became disabled. Her past relevant work was as a light assembler, light general merchandise sales person and a light material coordinator. (Tr. 298-299). The ALJ determined that the plaintiff suffered from "severe" impairments including osteoarthritis, degenerative disc disease, obesity and a history of right rotator cuff injury, but that these impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 20, Finding Nos. 3 and 4). Because plaintiff's diabetes mellitus is admittedly controlled by medication, and she has had no problems with diabetes other than some weight gain (Tr. 24), the ALJ found that her diabetes was not a "severe" impairment under the Act. *Id.*

The ALJ determined that the plaintiff retains the Residual Functional Capacity (RFC) to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk four hours in an 8-hour work day for fifteen minutes at a time, sit six hours in an 8-hour work day for one hour at a time, never kneel or crawl, occasionally climb steps, balance, stoop, crouch, reach overhead with the right upper extremity, and push/pull, and she must avoid heights, vibration, moving machinery, chemicals and fumes. (Tr. 21, Finding No. 5). Consequently, the ALJ held that the plaintiff retained the ability to perform her past relevant work as an assembler, general sales clerk and material coordinator. (Tr. 24, Finding No. 6). The ALJ went on to state that even if she could not return to her past relevant work she has acquired skills that would "readily transfer to other work existing in the national economy" including a telemarketer, a telephone answer operator and an information clerk. (Tr. 24).

On appeal to this court raises the following issues:

1. Whether ALJ's decision is supported by substantial evidence in that he disregarded "major findings from two consultative exams.";

2. Whether the ALJ erred by not re-contacting physicians and requiring completed and updated medical records;

3. Whether the ALJ erred by failing to resolve conflicts between the medical source statement of the consultative physician; and

4. Whether the ALJ erred in finding that the plaintiff could return to her past work in the light category.

Docket 15. The parties have each briefed these issues and the court is ready to rule.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[3] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[5] 20 C.F.R. §§ 404.1520, 416.920 (2003).

3

impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

The ALJ concluded that the plaintiff retains the residual functional capacity to return to

---

[6] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[8] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[9] *Muse*, 925 F.2d at 789.

her past relevant work, and even if she cannot return to her past relevant work, she has acquired skills that would "readily transfer to other work existing in the national economy," including a telemarketer, a telephone answer operator and an information clerk. (Tr. 24). The ALJ reviewed the medical records as a whole, considered the credibility of the plaintiff's subjective complaints, engaged in a detailed discussion of the plaintiff's symptoms and factors considered in determining credibility, and appropriately reviewed the plaintiff's testimony in conjunction with the medical records and the record as a whole. He determined that the plaintiff retains the RFC to perform the exertional demands of a limited range of light work. By utilizing the testimony of a vocational expert ("VE"), the ALJ determined that the plaintiff was capable of returning to her past relevant work or, alternatively, to other work that exists in the national economy and thus was not disabled under the Act. (Tr. 25).

## DISCUSSION

Substantial Evidence

Substantial evidence has been defined by the Fifth Circuit as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

5

A. Was the ALJ's Decision Supported By Substantial Evidence Despite Plaintiff's Argument that He "ignor[ed] major findings from two consultative exams."

The plaintiff argues that the ALJ failed to consider findings from Dr. Terry Ellis and Dr. Jim Adams that illustrated plaintiff's difficulty in movement and balance due to back and shoulder pain. (Tr. 240-241, 265). According to the plaintiff, the fact that the ALJ did not specifically recognize the plaintiff's difficulties as observed by both physicians equates to lack of substantial evidence to support his decision. The defendant responds that the ALJ not only considered the doctors' reports, but specifically mentioned both reports, and his RFC finding is largely consistent with both reports. In particular, the defendant points out that the ALJ stated:

> In January 2005, Dr. Terry K. Ellis, a consultative physician, noted that the claimant had normal flexion and extension of her lumbar spine and only mildly decreased lateral flexion and rotation of the spine (Exhibit 3F). More recently in November 2006, Dr. Jim Adams, another consultative physician, noted that the claimant had only slight loss of motion of the spine with 70 degrees flexion. She had negative straight leg raise with no evidence of radicular symptoms. Her gait was normal and she had no motor sensory deficits. Dr. Adams concluded that the claimant was capable of lifting and carrying 20 pounds occasionally, standing and walking 4 hours in an 8-hour workday, sitting 8 hours in an 8-hour workday, never crawling, only occasionally climbing, balancing, stooping, crouching and kneeling, and she must avoid heights and temperature extremes (Exhibit 8F). The opinion provided by Dr. Adams has been given significant weight herein, as it is well supported by the overall evidence, including the MRI report at Exhibit 2F as well as the report from Dr. Ellis at Exhibit 3F.

(Tr. 23).

Dr. Adams provided a medical source statement. (Tr. 266 - 267). Dr. Ellis did not, but his report noted plaintiff had reduced hand strength, some limitation in range of motion in her back, but a normal gait. (Tr. 239 - 241). The ALJ considered both of these opinions and provided details of these reports in his opinion.

The ALJ also properly evaluated plaintiff's credibility. (Tr. 21). He decided, considering

6

all necessary evidence in accordance with 20 CFR §§ 404.1527, 404.1529, and Social Security Rulings ("SSR") 96-4p, 96-7p, 96-2p, 96-5p, 96-6p, and 06-3p, that plaintiff was not fully credible. *Id.* He detailed all relevant information, including medical records, testimony at the hearing, observation of the plaintiff and other necessary factors, and arrived at an RFC that is consistent with the medical evidence.

"'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). When deciding whether the ALJ's decision is supported by substantial evidence, the court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam), citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). Although he is afforded discretion when reviewing facts and evidence in a cause, an ALJ is not qualified to interpret raw medical data in functional terms, and if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment, and certainly in contradiction of a physician's medical assessment, then the ALJ's decision is not supported by substantial evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, lack of affirmative evidence supporting the ALJ's findings as to claimant's RFC may require remand for further development of the record. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 1999).

Nevertheless, in this case it is clear that the ALJ carefully considered the medical evidence and opinions of Drs. Ellis and Adams. The fact that he did not specifically cite to every notation in their reports or records does not render his decision in error or unsupported as the plaintiff contends. The ALJ's detailed discussion of the medical evidence contained in his decision makes it clear that he was familiar with the entirety of both doctors' opinions, and he then used them in forming his own RFC determination and findings. The court holds that failure to cite to specific details within consultative physicians' reports and records is not grounds to find a decision is not supported by substantial evidence. Where it is clear that the ALJ carefully considered the medical evidence as a whole, including the consultative opinions and even utilizing them in his determination of whether the plaintiff is disabled under the Social Security Act, then the opinion is supported by substantial evidence. The plaintiff's argument under this point must fail.

B.      Whether the ALJ Sufficiently Developed the Record

An administrative law judge has a duty to fully and fairly develop the facts relative to a claim for disability benefits. *See Brock v. Chater,* 84 F.3d 726 (5th Cir.1996); *Kane v. Heckler,* 731 F.2d 1216 (5th Cir.1984). The Fifth Circuit has held that it "will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *See Brock,* 84 F.3d at 728;*Kane,* 731 F.2d at 1220. To establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Kane,* 731 F.2d at 1220.

The plaintiff claims that the ALJ failed to fully develop the record by not requiring completed and updated medical records. Plaintiff's treating physician provided medical records

8

from 2000 to 2004. (Tr. 182 - 238). She argues that at the hearing she testified that her treating physician is Dr. Cary Mettetal and that she had recently seen the doctor for a steroid shot, and Dr. Mettetal was to send her to pain therapist. (Tr. 281). Thus, says plaintiff, the ALJ knew in light of plaintiff's testimony that she remained under the care of her treating physician and that the records in evidence were not complete, and he therefore had a duty to re-contact Dr. Mettetal to obtain additional updated records.

The plaintiff is correct that an ALJ has a duty to re-contact a treating physician if the doctor's records are inadequate, contain a conflict or ambiguity or lack necessary information or do not appear to be based on medically acceptable diagnostic techniques. *See* 20 CFR §§ 404.1512(e), 416.912(e) (2008). It is not necessary, however, for an ALJ to re-contact a treating physician where there is no indication that the ALJ's analysis would have changed. *Hector v. Barnhart*, 337 F.Supp.2d 905, 921 (S.D.Tex.,2004); SSR 96-2p, (additional evidence or clarifying reports may be necessary *when the treating source's medical opinion appears lacking or inconsistent);* Social Security Ruling 96-5p at *2, *5 (the ALJ must make a reasonable effort to re-contact a treating source who offers an ultimate-issue opinion for clarification of reasons when the adjudicator cannot ascertain the basis of the opinion from the case record).

In cases such as this where there have been no fewer than three or four other in person examinations of the plaintiff, including at least three medical source statements submitted by examining physicians, chiropractors or nurse practitioners, the need to re-contact a physician is not the same as when there is only one examining doctor. Further, it is the plaintiff who has the burden of furnishing medical and other evidence for the ALJ's use in making determinations. 68 Fed. Reg. 51153-01, p. 1, 2003 WL 22001943 (August 26, 2003). In this case, the ALJ

9

specifically asked during the hearing if plaintiff's attorney had had an opportunity to review the exhibits, and he responded that he had. (Tr. 271). The ALJ then asked if the attorney had any additional documents to submit, and he responded that he did not. (Tr. 271 - 272). When asked if he had any objections to any of the exhibits, he stated that he did not. *Id.* Moreover, even though plaintiff has pointed to gaps in the evidence, she to this day has failed to adduce any additional evidence or to indicate the nature of any such evidence if produced; in other words, plaintiff has not even attempted to demonstrate prejudice. *See* Alejandro v. Barnhart 291 F.Supp.2d 497, 514 (S.D.Tex.,2003). Accordingly, the court concludes that the ALJ was not in error by not re-contacting the treating physician. As outlined above, there is ample evidence in the record to support the ALJ's determination. Absent a showing by the plaintiff of evidence that would have altered or affected the ALJ's decision, the court concludes that the ALJ's decision was proper and amply supported by substantial evidence.

        C.        Whether the ALJ adequately Resolved Conflicting Medical Opinions

The plaintiff next points to conflicts within the medical source statement submitted by Dr. Jim Adams, arguing that the opinions there are "obvious contradictions [that] cannot constitute substantial evidence." Docket 15, p. 10. Specifically, Dr. Adams notes that (1) plaintiff can lift 20 pounds occasionally and 5 pounds frequently, and (2) plaintiff is able to sit for 8 hours in an 8-hour workday, yet only 20 minutes without interruption, both observations which plaintiff contends constitute clear contradictions. According to plaintiff the lifting 20 pounds occasionally or 5 pounds frequently would put the plaintiff in both the "light" and "sedentary, or less than sedentary" categories which results in a conflict. Likewise, plaintiff argues that the opinion that plaintiff can sit for 8 hours in an 8-hour workday, but only for 20

minutes without interruption, was certainly an unintentional error because "if a person can sit for a total of eight hours in an eight hour workday his sitting would obviously be unaffected and uninterrupted when in actuality Dr. Adams indicated that the claimant could only sit without interruption for twenty minutes."  Docket 15, p. 10.

The defendant responds that a common sense reading of Dr. Adams's medical source statement puts plaintiff in a middle ground as far as the lifting category – somewhere between light and sedentary, and that his finding regarding the sitting simply means plaintiff can sit for a full 8-hour workday so long as she is able to stand briefly at regular intervals.  Docket 16, p. 15.  The court agrees.

> The regulations define light work as follows:
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567, 416.967 (2008).  By comparison, sedentary work is defined as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

*Id.*

It is not necessary that every claimant be cut, cookie cutter fashion, to fit one of these

exact descriptions. According to Social Security policy, if a claimant's exertional capacity falls between two of the defined exertional levels such as sedentary and light, and the claimant's age, education, and work experience are such that the appropriate rules for each exertional level direct the same conclusion regarding the claimant's ability to work, a finding of "disabled" or "not disabled" under the Guidelines necessarily follows. 3 Soc. Sec. Law & Prac. § 43:187; *citing* SSR-83-12; *see also* Turney v. Astrue, 2009 WL 980323, Slip Copy (N.D.Tex.,2009). However, if the appropriate rules direct opposite conclusions, that is, a finding of disabled at one exertional level and not disabled at the other, the policy requires that the ALJ conduct further evaluation. *Id.* If a claimant's capacity is reduced only slightly from the exertional level for the rule directing a conclusion of not disabled – in this case the light exertional level – the policy is to make a finding, which would support a finding that the claimant is not disabled, that there are sufficient jobs available for a person with the claimant's limitations. *Id.* On the other hand, when claimant's exertional capacity is substantially reduced in comparison to the defined exertional level, the policy normally is to find the claimant disabled. Finally, when a claimant's exertional limitations are somewhere in the middle between two rules, more difficult judgments are involved, and the policy is to obtain the assistance of a VE, as was done in this case.

Upon questioning the VE, it was determined that even though the plaintiff did have some limitations on pushing and pulling and overhead reaching due to her rotator cuff injury, back pain and limitations on sitting and standing and kneeling or crawling, she would be able to return to her past work. Even where the ALJ posed a hypothetical that put the plaintiff in between light and sedentary exertional levels, the VE opined she would be able to return to her past work. (Tr. 299-300). The VE went own to testify that there were other jobs in the national economy that

existed, in light of plaintiff's transferable skills, that plaintiff could perform at the sedentary level. *Id.*

Using this testimony and the evidence in the record, the ALJ found that the plaintiff retained the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 4 hours in an 8-hour work day, 15 minutes at a time; sit 6 hours in an 8-hour work day, 1 hour at a time; never kneel or crawl; occasionally climb steps, balance, stoop, crouch, reach overhead with the right upper extremity, and push/pull; and she must avoid heights, vibration, moving machinery, chemicals and fumes. (Tr. 21, Finding No. 5). In light of these findings the ALJ held that the plaintiff retained the ability to perform her past relevant work as an assembler, general sales clerk and material coordinator. (Tr. 24, Finding No. 6). The ALJ found alternatively that even if plaintiff could not return to her past relevant work, she has acquired skills that would "readily transfer to other work existing in the national economy" including a telemarketer, a telephone answer operator and an information clerk. (Tr. 24). The court must conclude, upon careful review of the record and applicable regulations, that the ALJ's finding at step four that the plaintiff could return to her past relevant work was supported by substantial evidence.[10]

Return to Past Relevant Work

Plaintiff claims that given her age at the time of the hearing (61) and her allegation that she properly should have been limited to sedentary or less than sedentary work, the Medical-

---

[10]. In the Fifth Circuit, consideration of vocational factors, including the testimony of a VE, is permissible but not required at step four of the evaluation process under § 20 CFR 404.1560(a), when a finding of not disabled is mandated due to the claimant's ability to return to past relevant work. *Thomas v. Shalala*, 56 F.3d 1385 (5th Cir. 1995), *cert. denied*, *Thomas v. Chater*, 516 U.S. 1120, 116 S.Ct. 928, 133 L.Ed.2d 856 (1996).

Vocational Guidelines, §203.00, mandate a finding of disabled. The court need not discuss this argument as it has concluded that the ALJ's determination at step four of the sequential evaluation process that the plaintiff was capable of returning to her past relevant work is supported by substantial evidence. *See Harper v. Sullivan* 887 F.2d 92, 97 (5th Cir. 1989).

## CONCLUSION

In accordance with this memorandum opinion, the undersigned concludes that the decision of the ALJ was supported by substantial evidence and recommends that the decision be affirmed. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this, the 15th day of June, 2009.

                                           /s/ S. ALLAN ALEXANDER
                                           UNITED STATES MAGISTRATE JUDGE